CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 3 0 2011

JULIA C. DUDLEY, CLERK
BY: [signature]
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **STANLEY L. REEDER, JR.,** | ) | **CASE NO. 7:11CV00299** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM OPINION** |
| **vs.** | ) | |
| | ) | |
| **STAUNTON SHERIFF, ET AL.,** | ) | **By: Glen E. Conrad** |
| | ) | **Chief United States District Judge** |
| **Defendant(s).** | ) | |

Stanley L. Reeder, Jr., proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that officials at the Middle River Regional Jail (MRRJ) violated his constitutional rights while he was detained there, pending a judgment under the Civil Commitment of Sexually Violent Predators Act ("the Act"), Va. Code Ann. §§ 37.2-900, et seq. The court will grant Reeder's application to proceed in forma pauperis.[1] Upon review of his allegations, however, the court concludes that the complaint fails to state any claim actionable under § 1983 and, on that ground, summarily dismisses the action without prejudice.[2]

I

The Act under which Reeder is detained authorizes state officials to petition for civil commitment of an inmate found to meet the statutory definition of a sexually violent predator:

[1] Because Reeder is incarcerated pursuant to a state court civil judgment, he does not meet the definition of a prisoner in 28 U.S.C. § 1915(h). Therefore, he is not subject to the requirement in § 1915(b) that an indigent prisoner litigant seeking to proceed in forma pauperis must first commit to payment of the full civil filing fee through installments from his inmate trust account. Michau v. Charleston County, S.C., 434 F.3d 725, 727-28 (4th Cir. 2006) (holding that person detained past mandatory release date, pending civil commitment proceedings, is not considered a "prisoner" under § 1915).

[2] Under 28 U.S.C. § 1915(e)(2)(b), the court may summarily dismiss a civil action filed in forma pauperis upon finding that the allegations are frivolous or malicious, or that they fail to state any claim upon which relief can be granted.

> any person who (i) has been convicted of a sexually violent offense, or has been charged with a sexually violent offense and is unrestorably incompetent to stand trial pursuant to § 19.2-169.3; and (ii) because of a mental abnormality or personality disorder, finds it difficult to control his predatory behavior, which makes him likely to engage in sexually violent acts.

§ 37.2-900. The Act sets out rigorous procedural requirements, including notice, a petition alleging factors warranting commitment, assistance from counsel and medical experts, a probable cause hearing, trial, appeal, and placement in a nonprison setting after commitment. § 37.2-904 – 911.

Reeder's submissions indicate that he was incarcerated at MMRJ from October 18, 2009 until April 20, 2010, while awaiting trial on the Commonwealth's petition seeking to have him declared a sexually violent predator under the Act. At some point during this period, the Circuit Court for Arlington County entered a judgment making that finding and ruling that Reeder should be civilly committed under the Act. He is now confined at the Virginia Center for Behavioral Rehabilitation Services in Burkeville, Virginia.

Reeder alleges that the defendant jail officials violated his rights when they: (1) detained him in jail without a warrant or an indictment; (2) allowed female prisoners to serve meal trays to him, thereby placing them in a position to falsely accuse him of exposing himself to them, which caused him to be falsely convicted of violating jail disciplinary rules and to be punished by placement in segregated confinement; (3) roughed him up and beat him; (4) spit in his food; (5) placed him in a filthy cell; (6) denied him proper medical care; (7) harassed and abused him; (8) violated state law by failing to keep him "segregated by sight and sound at all times from prisoners in the custody of a correctional facility," as required under § 37.2-909(A); and (9) committed assault and battery and negligent acts against him.[3] He also asserts that the Act is

[3] Reeder identifies the following individuals as defendants: Sheriff of Staunton, Virginia; Deputy Sheriff Gregory; Captain Nicholson, and two John Does.

unconstitutional on several grounds and that the state failed to prove its jurisdiction to confine him under this section.

Reeder claims that as a result of the alleged constitutional violations, he suffered "Harm, Personal Injury . . . Pain, Mental Anguish, Embar[r]assment, Humiliation, and Psychological Injury," that he now cannot "sleep or eat and worr[ies] he will have to suffer the Pain and Indig[ni]ty of having to stay in the Jail again" for his annual review hearing. As relief in this action, he seeks monetary compensation for personal injuries and violations of the Act.

## II

### A. Claims of Unlawful Detention

Any claim for monetary damages that Reeder may have related to the alleged wrongfulness of his pretrial or post-judgment confinement under the Act is not yet actionable under § 1983.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Thus, when a state prisoner seeks monetary damages in a § 1983 complaint, the court must determine "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487. This favorable outcome requirement has been extended to § 1983 actions contesting procedures that necessarily imply unlawful confinement See Edwards v. Balisok, 520 U.S. 641, 648 (1997) (applying Heck to bar claim for monetary

damages related to alleged denial of due process during prison disciplinary proceedings that resulted in loss of earned good conduct time).

Several of Reeder's claims for damages allege grounds on which he believes that detaining him under the Act in 2009-2010 violated his constitutional rights. If he prevailed in demonstrating that detaining him without a warrant or an indictment was unlawful, that the statute under which he was detained was unconstitutional, or that the state had no jurisdiction to detain him under that statute, rulings in his favor would necessarily invalidate his current confinement. He offers no evidence that any court has ruled that his confinement at MMRJ under the Act was unlawful.[4] Accordingly, his § 1983 claims for monetary relief based on his allegations of unlawful confinement are barred at this time under Heck and Balisok, supra, and must be summarily dismissed without prejudice, pursuant to § 1915(e)(2)(b), for failure to state any actionable federal claim.

**B. Claims of Unlawful Jail Conditions**

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). In order to state a claim in any federal civil action, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." Bell Atl. Corp. v. Twombly,

---

[4] Reeder provides no specific information about the civil commitment proceedings against him. The electronic docket of the Arlington County Circuit Court, however, indicates that after a jury trial on February 22, 2010, a civil judgment was entered against Reeder (CL09000497). After a successful appeal in which the Supreme Court of Virginia (Record No. 101279) reversed the Arlington County judgment and remanded the case, Reeder is currently scheduled to be retried before a jury in October 2011. While the Supreme Court of Virginia did reverse the Circuit Court's judgment committing Reeder under the Act, he offers no evidence that any court has found any of his detention related to these proceedings to be unlawful. Virginia court records are available online at: http://208.210.219.132/scolar/logoff.jsp;jsessionid=0000LBDUMCHY5BY4WRLOPV04GMI:ulnfn1uq

550 U.S. 544, 570 (2007). The complaint must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. See also Custer v. Sweeney, 89 F.3d 1156, 1163 (4th Cir. 1996) (in determining whether complaint states a claim, court need not accept plaintiff's "footless conclusions of law," or "sweeping legal conclusions cast in the form of factual allegations").

Since Reeder was a pretrial detainee during the period at issue, his claims concerning jail conditions must be evaluated under the Due Process Clause of the Fourteenth Amendment, rather than under the Eighth Amendment, which applies to prison conditions imposed on convicted inmates. Bell v. Wolfish, 441 U.S. 520, 535-538 (1979). As a general rule, "[o]nly governmental conduct that 'shocks the conscience' is actionable as a violation of the Fourteenth Amendment ." Young v. City of Mount Ranier, 238 F.3d 567, 574 (4th Cir. 2001) (quoting County of Sacramento v. Lewis, 523 U.S. 833, 845-846 (1998)). The degree of culpability on the part of correctional officials that is sufficient to shock the conscience depends on the particular circumstances of the case. Id.

Reeder's complaint consists of a series of broadly stated assertions and legal conclusions with no specific facts offered in support. Therefore, his allegations are not sufficient under Twombly to state any § 1983 claim.

First, Reeder faults the sheriff for inmate work policies that allowed a female inmate into Reeder's housing area, where she reported seeing him exposing himself, causing Reeder to be

disciplined with segregation.[5] "Disciplinary measures that do not substantially worsen the conditions of confinement of a lawfully confined person are not actionable under the due process clause, . . . and this regardless of whether the confinement is criminal or civil." Miller v. Dobier, 634 F.3d 412, 414-15 (7th Cir. 2011) (citing Sandin v. Conner, 515 U.S. 472, 484 (1995) and other cases). Reeder does not allege any facts indicating that segregated confinement at MMRJ subjected him to living conditions substantially more restrictive or harsh than conditions imposed on the jail's general population. Thus, his allegations do not implicate federal due process protections, and his due process claims concerning his disciplinary conviction and sanction must be dismissed, pursuant to § 1915(e)(2)(b).

Reeder next complains that officers used excessive force when they "roughed him up" and beat him. Officials may not take actions against pretrial detainees with the purpose or intent of punishing them. United States v. Cobb, 905 F.2d 784 (4th Cir. 1990). Punitive intent may be inferred when the amount of force used was not reasonably related to a legitimate non-punitive objective. Id. The detainee must show that the officers inflicted unnecessary and wanton pain and suffering on him; on the other hand, force applied in a good faith effort to restore order does not offend constitutional principles even if some injury resulted. Orem v. Rephann, 523 F.3d 442, 446 (4th Cir. 2008). Reeder does not allege any facts whatsoever concerning the circumstances under which officials used force against him, the specific actions that the defendants took, or the nature of the injuries he suffered, if any. Because he thus fails to present

[5] Reeder's complaint about this incident centers on his disciplinary conviction, rather than on his privacy concerns. He fails to allege facts stating a privacy claim here, however, as his allegations indicate that he should have anticipated the presence of female inmates in his cell block during meal times and avoided any exposure of his genitals to them. See, e.g., Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993) (finding no liability under § 1983 based on inmates' allegations that their genitals were exposed to members of the opposite sex, where policy allowed female officers to walk cell blocks only at regular intervals).

facts on which he could show that the application of force was not reasonably related to a legitimate jail objective such as restoring order, he does not state a plausible claim of unconstitutional force. Accordingly, the court must summarily dismiss without prejudice his excessive force claims.

Third, Reeder alleges that officers spit in his food, housed him in a dirty cell, and denied him medical treatment. "In cases where the government is accused of failing to attend to a detainee's serious medical needs, . . . conduct that amounts to deliberate indifference . . . is viewed as sufficiently shocking to the conscience that it can support a Fourteenth Amendment claim." Parrish v. Cleveland, 372 F.3d 294, 302 (4th Cir. 2004) (internal citation and quotation marks omitted). Similarly, to state a due process claim regarding hazardous jail conditions, a detainee "must demonstrate either a subjective and express intent to punish or that the defendant acted with deliberate indifference to an excessive risk to the detainee's health and safety. Tomey v. Baltimore County, ___F.3d___, 2011 WL 2457679, *5 n.7 (4th Cir. June 15, 2011) (slip copy) (citing Hill v. Nicodemus, 979 F.2d 987, 991 (4th Cir. 1992); Farmer v. Brennan, 511 U.S. 825, 837 (1994)). An official acts with deliberate indifference only when she "knows of and disregards" the risks posed by the detainee's serious medical needs. Farmer, 511 U.S. at 837.

Reeder's factual allegations are not sufficient to state any plausible claim under these legal standards. Reeder states no facts indicating that he suffered from a serious medical need that officials knew about, but disregarded, and therefore, he fails to present an actionable claim concerning the alleged denial of medical care. He also fails to state facts indicating that any prison official knew of cell conditions or food service conditions that posed an excessive risk to inmate safety, and as such, he fails to state any constitutional claim regarding these challenged

conditions. Accordingly, the court will dismiss without prejudice Reeder's claims regarding food, cell conditions, and medical care, pursuant to § 1915(e)(2)(b).[6]

Fourth, Reeder's allegations that jail officials verbally harassed and abused him are not sufficient to state any constitutional claim. See Henslee v. Lewis, 153 Fed. App'x 179, 179 (4th Cir. 2005) (citing Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979) (finding that allegations of verbal abuse alone do not state constitutional violation). These claims must be summarily dismissed, pursuant to § 1915(e)(2)(b).

Finally, Reeder alleges that jail officials violated his rights under state law in various ways---by not housing him apart from other inmates as required by the statute, committing assault and battery, and injuring him in unspecified ways through negligence. Such alleged violations of state law are not independently actionable under § 1983, and because all the federal constitutional claims must be dismissed, the court declines to exercise supplemental jurisdiction over the state law claims, pursuant to 28 U.S.C. § 1367(c). Such claims will be dismissed without prejudice.

## III

For the reasons stated, the court dismisses Reeder's entire complaint without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(b), for failure to state a claim. An appropriate order will issue this day.

---

[6] Reeder also asserts that jail officials searched him without a search warrant. While inmates have limited constitutional protection against invasive searches of their bodies, Reeder alleges no facts indicating that the search he underwent at MMRJ was invasive, that it was conducted in an unreasonable manner, or that it was unrelated to legitimate state interests in maintaining security within the jail. Therefore, he fails to state any constitutional claim regarding his being searched by jail officials. See Bell v. Wolfish, 441 U.S. 520 (1979) (discussing limited rights of detainees against unreasonable bodily searches).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 30th day of June, 2011.

Chief United States District Judge